IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. JENKINS,

                Plaintiff,                              ORDER

  v.

KEITH WIEGEL,                                       13-cv-285-bbc

                Defendant.

---

Plaintiff James Jenkins is proceeding on a claim that defendant Keith Wiegel used excessive force against him. This court held a telephonic preliminary pretrial conference on August 20, 2013, providing the parties with information about how the case would proceed, including the discovery phase of the case. Almost immediately, plaintiff submitted discovery requests, and he has now filed a motion to compel responses to those requests, stating that defendant has not responded in any way.

Uncharacteristically for state defendants represented by the Wisconsin Department of Justice, Wiegel has not responded to the motion. This leads the court to believe that the lines of communication have gotten crossed somewhere. Before I consider any possible objections to these requests waived, I will give defendant a short deadline to respond to plaintiff's motion to compel. Failure to respond will result in his objections being waived.

Plaintiff has also filed a motion seeking "appointment" of counsel, stating in particular that he has mental illnesses that will make it difficult for him to litigate the case. The word "appoint" is a bit of a misnomer. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The federal *in forma pauperis* statute provides that "[a] court may request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1). Absent any mandatory language, this statute merely confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*[.]" *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). In other words, it authorizes the court to recruit a volunteer. *Id*.

The question is whether recruiting *pro bono* counsel makes sense at this point in the case. As a starting point, this court would recruit a lawyer for almost every pro se plaintiff if lawyers were available to take these cases. Unfortunately, the majority of lawyers do not have the time, the experience or the willingness to take on such appointments. Therefore, the court appoints counsel only in cases in which there is a demonstrated need for appointment, using the appropriate legal test.

In deciding whether to recruit counsel, I must first find that plaintiff has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him on the issues on which he has been allowed to proceed and who turned him down. Plaintiff has submitted the names of two lawyers who have turned him down, which is insufficient. This alone might be reason to deny his motion.

In any case, I conclude that it is too early to tell whether it is necessary to find counsel for plaintiff in this case. The case has not progressed sufficiently to allow me to determine whether the complexity of the case outstrips plaintiff's ability to litigate it. I note that generally, excessive force claims are not complex because plaintiff has first-hand knowledge of what

happened. In addition, the case has not even progressed to the phase in which defendants often move for summary judgment based on plaintiff's failure to exhaust his administrative remedies—a phase in which many cases are dismissed yet which plaintiff surely does not need counsel's assistance in litigating. I will deny plaintiff's motion as premature but he is free to renew it at a later date.

ORDER

It is ORDERED that:

(1) Defendant Keith Wiegel may have until October 25, 2013 to respond to this order regarding plaintiff's motion to compel discovery.

(2) Plaintiff James Jenkins' motion for the court's assistance in recruiting counsel, dkt. 25, is DENIED without prejudice to him renewing the motion at a later date.

Entered this 21st day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge