IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. JENKINS,

          Plaintiff,

v.

KEITH WIEGEL,

          Defendant.

ORDER

13-cv-285-bbc

---

Plaintiff James Jenkins is proceeding on a claim that defendant Keith Wiegel used excessive force against him. In an October 21, 2013 order, I noted that plaintiff filed a motion to compel discovery after defendant apparently failed to respond to either plaintiff's requests or motion to compel. I stated as follows in the October 21 order:

> Uncharacteristically for state defendants represented by the Wisconsin Department of Justice, Wiegel has not responded to the motion. This leads the court to believe that the lines of communication have gotten crossed somewhere. Before I consider any possible objections to these requests waived, I will give defendant a short deadline to respond to plaintiff's motion to compel. Failure to respond will result in his objections being waived.

Defendant has now responded, stating that discovery responses were prepared, due to an oversight were not mailed, but have now been sent. Defendant also states that prior to filing his motion to compel, plaintiff did not attempt to informally resolve the issue, as I suggested would be a good idea in the preliminary pretrial conference order. Of course, none of this excuses defendant from failing to initially respond to the motion to compel itself.

Plaintiff has filed his own motion for sanctions regarding defendant's failure to respond to his discovery requests. It is possible that defendant's belated discovery responses crossed in the mail with plaintiff's latest motion; if plaintiff has not yet received defendant's responses,

then he should immediately let the court know.  Incredibly, defendant did not responded to this motion by the November 4, 2013 deadline set by the court.

Even if defendant's latest failure to respond is just his way of saying that he is standing on his previous response to the court's October 21, 2013 order, this doesn't to cut it.  Defendant has now failed to promptly respond to (1) plaintiff's initial discovery requests; (2) plaintiff's motion to compel; and (3) plaintiff's motion for sanctions.  Just to be clear, it is this court's expectation that defendant responds to *each* motion on which it sets a briefing schedule.

The saving grace for defendant is that it is so early in this case that it is difficult to see any prejudice to plaintiff.  Accordingly, I will deny plaintiff's motion to compel and his motion for sanctions at this time.  But these motions are denied without prejudice so that if plaintiff has any problems with the way defendant has responded (or failed to respond) to future requests, he may bring a new motion to compel and for sanctions.  At this point, the court is inclined to sanction defendant for any further failure to meet schedules set by the court or any needless delay he causes plaintiff.

ORDER

It is ORDERED that plaintiff James Jenkins' motions to compel discovery and for sanctions, dkt. 27, 30, are DENIED without prejudice.

Entered this 5th day of November, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge