IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES D. JENKINS,

        Plaintiff,

v.

KEITH WIEGEL,

        Defendant.

ORDER

13-cv-285-bbc

Plaintiff James Jenkins is proceeding on a claim that defendant Keith Wiegel used excessive force against him. Currently before the court are three related motions. Plaintiff has filed a motion to compel discovery of (1) documentation of the investigation into the incident between plaintiff and defendant that is ths subject of this lawsuit; and (2) documents regarding investigations and disciplinary proceedings concerning previous alleged batteries by defendant. Defendant has responded to plaintiff's motion and has filed his own motion for a protective order barring plaintiff access to inmate grievances filed by inmates other than plaintiff. Finally, plaintiff has filed a motion for extension of time to submit his response to the motion for protective order, which the court will grant (plaintiff's response deadline was December 17 and his late response is postmarked December 20, so there is minimal prejudice to defendant, and I have already provided leeway to defendant after he failed to initially respond to plaintiff's earlier motion to compel discovery, *see* dkt. 28, 31).

Turning to the substance of the parties' motions, defendant states that he has now turned over the investigation materials regarding the incident between plaintiff and defendant, and that video evidence will be made available to plaintiff upon his request. Accordingly, I will deny plaintiff's motion to compel discovery of these materials as moot.

As for the other inmate grievances against defendant, defendant states that he has produced a report summarizing the grievances and examiners' responses with the names of the complaining inmates redacted to protect inmates' expectation of confidentiality in their grievance materials. In response to plaintiff's request for these names, defendant seeks a protective order barring access to this information. Also, to the extent that plaintiff seeks "all investigators conclusion and disciplinary recommendations for all the other inmates . . . who alleged [defendant] battered and/or threatened to do so . . . ." defendant seeks a protective order barring access to these materials. Defendant again states that providing these materials would essentially give away the identities of the inmates involved because plaintiff would be able to deduce the identities from a detailed description of the events. In the alternative, defendant asks for an *in camera* review of these materials.

In response, plaintiff asks for an *in camera* review of these documents for "potentially relevant information" and suggests that he be given the names of the other inmate complainants because they would surely waive confidentiality if asked, as part of a "convict's code . . . just like correctional officers and police officers [have] their honor codes." He also suggests that this evidence could be used to implicate higher-ups who failed to properly supervise defendant.

Having considered the parties' arguments, I will grant defendant's motion for a protective order and deny plaintiff's motion to compel. The legitimate confidentiality concerns raised by defendant outweigh the limited relevance these documents have. It is highly unlikely these previous incidents involving other inmates would be admissible, because Federal Rule of Evidence 404 generally prohibits prior acts evidence. (I note that if any of the other inmates' grievances against defendant for excessive force were found to have merit, then these upheld

complaints probably would fit within the exceptions allowed by Rule 404(b). But dismissed claims of excessive force have little or no probative value versus the high potential for unfair prejudice, making them generally inadmissable under F.R. Ev. 403).

I do not share plaintiff's view that other inmates necessarily would want their grievances publicized. For the same reasons there seems to be little justification for an *in camera* review of these other grievances. At this point, plaintiff has the electronic summaries of the administrative review process for these grievances, with the inmates' names redacted. To the extent that plaintiff seeks evidence of defendant's supervisors' misconduct with the hopes of potentially adding them as defendants, these documents should suffice to show who reviewed the grievances and thus was aware of defendant's alleged conduct.

ORDER

It is ORDERED that:

(1) Plaintiff James Jenkins' motion for extension of time to file his response to defendant's motion for protective order, dkt. 39, is GRANTED.

(2) Plaintiff's motion to compel discovery, dkt. 33, is DENIED.

(3) Defendant Keith Wiegel's motion for a protective order, dkt. 35, is GRANTED; defendant will not have to disclose information concerning other inmates' grievances as detailed above.

Entered this 7th day of January, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge