IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES D. JENKINS,

          Plaintiff,

   v.                                                                                                    ORDER

KEITH WIEGEL,                                                                            13-cv-285-bbc

          Defendant.

---

Plaintiff James Jenkins is proceeding on a claim that defendant Keith Wiegel used excessive force against him by slamming his hand in the cell "trap" door. Currently before the court are two discovery motions.

Defendant has filed a motion to compel plaintiff to authorize the release of his medical records. Plaintiff has responded with a signed authorization form, so this issue is moot. Defendant also asks for a one-week extension of the dispositive motions deadline, to April 18. I will grant this request.

Next, plaintiff has filed a motion to be allowed another chance to view the camera footage of the alleged incident in which plaintiff's hand was injured, as well as a request for sanctions. Plaintiff states that when he was taken to see the footage the first time, he forgot to wear his eyeglasses, which apparently hampered his ability to see exactly was going on in the video, although he saw enough to state that he believes the footage "appears drastically different from what's depicted in [defendant's] written conduct report."

Defendant argues that plaintiff did not try to resolve this issue first with counsel. This is true in the sense that plaintiff did not contact counsel directly, but his materials make clear that prison staff contacted the DOJ before denying his request to view the video again, so it

seems that counsel had already been brought into the loop on this issue before plaintiff filed his motion.

Defendant also asks, "Does [plaintiff] have an absolute right to view it a second, third and/or fourth time? There is no rule of procedure which suggests that he has such a right." While I agree that plaintiff has no absolute right to see the video again, at first blush it seems reasonable to allow him to do so. Under Fed. R. Civ. P. 26(b)(2)(C), the court "must limit the frequency or extent of discovery" if it decides that "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information" or the "burden or expense of the proposed discovery outweighs its likely benefit." Asking to see the video twice over a several-month span, given that plaintiff is presumably not allowed to possess a copy, is reasonable.

Although defendant does not cite to Rule 26 or any other authority in his response, I understand him to be saying that it is unduly burdensome to allow plaintiff to see the footage again because he is a "particularly dangerous and disruptive inmate," who spits at and threatens staff members and has been placed on "security based restrictions" such as a spit mask and two-officer escort. In reply, plaintiff states that the descriptions of his behavior are inaccurate, although he does not present an affidavit averring under penalty of perjury that this is the case.

This court sometimes denies prisoners certain discovery on the grounds that possession of the materials themselves (for instance, confidential informant statements or prison policies regarding use of force techniques) may create bona fide safety concerns at the prison. Plaintiff's current motion raises a slightly different question because the safety concern is plaintiff's behavior itself rather than the contents of the discovery, but the same principle holds. At least

at this point, I will deny plaintiff's motion to compel another opportunity to view the video footage. I will deny his request for sanctions as well.

I will, however, order that defendant submit a copy of the recording of the incident with any summary judgment motion he files or any response to a summary judgment motion by plaintiff. The video will speak for itself without any verbal spinning by either side. If this case proceeds to trial, then we can readdress as an in limine issue how and when to let plaintiff watch the video again before trial.

ORDER

It is ORDERED that:

(1) Defendant Keith Wiegel's motion to compel, dkt. 47, is DENIED as moot.

(2) Defendant's motion for an extension of the dispositive motions deadline, dkt. 47, is GRANTED. This deadline is extended to April 18, 2014.

(3) Plaintiff James Jenkins' motion to compel and for discovery sanctions, dkt. 43, is DENIED.

(4) Defendant is directed to submit a copy of the video footage at issue in conjunction with any motion for summary judgment filed by either party.

Entered this 9th day of April, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge